IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY DUDZIENSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 C 4033 |
| | ) | |
| GORDON FOOD SERVICE, INC., a | ) | |
| Michigan corporation, individually, and | ) | |
| d/b/a GFS MARKETPLACE and d/b/a | ) | |
| GORDON FOOD SERVICE | ) | |
| MARKETPLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Dudzienski filed this putative class action alleging violations of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA") on the part of defendants Gordon Food Service, LLC, Gordon Food Service, Inc., GFS Central States, LLC, GFS Marketplace LLC, and GFS Marketplace North America, LLC. Specifically, plaintiff alleges that defendants violated 15 U.S.C. § 1681(c) by issuing her a purchase receipt that displayed her credit card expiration date. Defendants move to dismiss the complaint or, in the alternative, for summary judgment.

## BACKGROUND

FACTA was passed in 2003 to aid in the prevention of identity theft. *See* Iosello v. Leiblys, Inc., 502 F. Supp. 2d 782, 786 (N.D. Ill. 2007). The relevant portion of the statute provides that "[n]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g)(1). The law

provided up to three years for full compliance, and that transitional period expired on December 4, 2006.

Plaintiff alleges that on February 20, 2007, and March 8, 2007, she purchased goods from defendants' store located at 4101 Healthway Drive, Aurora, Illinois, and received computer-generated cash register receipts which displayed her credit card expiration date. She alleges that defendants' actions were willful, and seeks statutory damages under § 1681n(a).

## ANALYSIS

### Motion to Dismiss[1]

Defendants move the court to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). They argue that plaintiff has failed to allege any facts showing willfulness. But Twombly did not change the doctrine that complaints in federal court need only satisfy a notice pleading standard. See Fed.R.Civ.P. 8(a)(2); Twombly, 127 S.Ct. at 1964-65. This standard requires plaintiffs to meet two requirements. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Twombly, 127 S.Ct at 1964; EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Second, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief. Twombly, 127 S.Ct. at 1965; Concentra, 496 F.3d at 776. At this stage it is not incumbent on the plaintiff to plead specific facts. The Seventh Circuit has stressed that "[f]acts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does

---

[1] After defendants filed their motion, this court denied a motion to dismiss in a nearly identical case. See Follman v. Hospitality Plus of Carpentersville, Inc., 2207 WL 3052962 (N.D. Ill. Oct. 17, 2007). Defendants respectfully disagree with that decision, but recognize that the court "will likely reach a similar decision in this case." With that acknowledgment they candidly seek only to preserve their right to appellate review on the issue of dismissal. In an effort to provide the Court of Appeals with a thorough record, we undertake the following analysis.

not imply 'plaintiff must allege Fact Y at the outset.'" Vincent v. City Colleges of Chicago, 485 F.3d 919, 923-24 (7th Cir. 2007).

Defendants do not argue that the complaint fails to give fair notice of the claim, so we turn to the requirement that the complaint demonstrate a plausible right to relief. For recovery, defendants' actions must be willful, defined in this context to include both reckless and knowing violations of the statute. Safeco Ins. Co. v. Burr, 127 S.Ct. 2201, 2208-09 (2007). Plaintiff has sufficiently alleged willfulness under this definition. The complaint alleges that FACTA was enacted in 2003 and gave merchants who accept credit and/or debit cards up to three years to comply with its requirements. It alleges that credit card companies and businesses that sell credit card readers and similar equipment had informed defendants about the requirements of FACTA. It further alleges that the requirement was widely publicized among retailers and that defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA. Despite this, the complaint alleges that defendants violated FACTA by printing credit card expiration dates on the receipts of their customers. We conclude that these allegations are sufficient to sustain the complaint. *See, e.g.,* Follman, 2007 WL 3052962; Iosello, 502 F. Supp.2d 782.

Defendants also argue that the allegations in the complaint are made upon "information and belief," and that Twombly prohibits precisely these types of speculative allegations. In support, plaintiff relies on two cases, United States v. Velazquez, 1997 WL 328660, *10-11 (N.D. Ill. 1997), and de la O v. Housing Authority of City of El Paso, Texas, 417 F.3d 495, 501-02 (5th Cir. 2005). We find this argument without merit. Velazquez dealt with a criminal defendant's request for grand jury testimony and de la O was a motion for summary judgment. In this circuit, pleading on information and belief is construed liberally where the pleadings concern

matters peculiarly within the knowledge of the defendants. *See* Brown v. Budz, 398 F.3d 904, 914 (7th Cir. 2005). Defendants have noted no case suggesting a liberal standard is inappropriate here. Defendants' motion to dismiss is denied.

Motion for Summary Judgment

In the alternative, defendants move for summary judgment. Summary judgment is proper where there are no genuine issues of material fact and the moving party in entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary judgment is not appropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We draw all inferences and view all admissible evidence in the light most favorable to the non-moving party. *Id.* at 255.

In support of their motion, defendants submit the affidavits of three management level employees. The employees aver that defendants received upgraded point-of-sale hardware and software in 2001. The software was programmed to truncate the account number on all customer receipts so that only the last four digits of the number would appear. Defendants further assert that they had no knowledge of the expiration date requirement until a customer notified them on March 26, 2007. By April 2, 2007, defendants had researched the issue and updated all of their cash registers to prevent the expiration date for credit cards or debit cards from appearing on customer receipts. Further, they investigated the lack of notice of FACTA requirements with their credit card processor, Fifth Third Bank. Fifth Third responded that it sent two Merchant Service Updates containing information concerning updated VISA operating regulations, one in February 2003 and one in August 2004. None of the employees who submitted affidavits recalls receiving these notices. Defendants then conclude that this

evidence shows that they were completely unaware of the FACTA requirements, the violations were inadvertent and, once discovered, they were immediately remedied. They argue that because plaintiff has presented no evidence to the contrary, she cannot prove that they knowingly or recklessly violated the statute.

For her part, plaintiff argues that summary judgment is premature at this stage because she has not had the opportunity to conduct any discovery. She requests an opportunity to do so under Rule 56(f).

We begin our analysis by noting that there is no such thing as a premature motion for summary judgment. Rule 56(b) provides that a defending party "may move at any time, with or without supporting affidavits, for a summary judgment on all or part of the claim." Because a summary judgment motion may be filed at any time, the fact that no discovery has been undertaken does not necessarily defeat a motion for summary judgment. <u>Waterloo Furniture Components, Ltd. v. Haworth, Inc.</u>, 467 F.3d 641, 648 (7th Cir. 2006). Nor is a continuance under Rule 56(f) an entitlement. The party seeking the continuance must demonstrate how the discovery they seek will help demonstrate the existence of a general issue of material fact. <u>Korf v. Ball State Univ.</u>, 726 F.2d 1222, 1230 (7th Cir. 1984). Plaintiff is not entitled to a "fishing expedition" in order to find evidence with which to make her case. <u>Davis v. G. N. Mortgage, Corp.</u>, 396 F.3d 869, 885 (7th Cir. 2005).

The Rule 56(f) affidavit of plaintiff's attorney seeks additional time to engage in fact discovery involving defendants' employees and certain third parties, such as Fifth Third Bank, VISA, MasterCard, and the PCI Security Standards Council, in order to determine how widespread knowledge of the FACTA requirements were. We do not see how deposing defendants' employees will aid this inquiry. That would be the type of fishing expedition that

is prohibited. But the third party discovery plaintiff seeks is another matter. The issue in this case turns entirely on defendants' knowledge of the FACTA requirements. Certain limited discovery as to the extent of dissemination of the FACTA requirements will help determine whether defendants recklessly disregarded that information. *See* <u>Otto v. Variable Annuity Life Ins. Co.</u>, 814 F.2d 1127, 1138 (7th Cir. 1986) (plaintiff must show how the discovery sought will help demonstrate the existence of a genuine issue of material fact). Accordingly, plaintiff may engage in limited third party fact discovery and is directed to respond to defendants' motion for summary judgment within 60 days of the date of this order. Defendants' reply is due 14 days thereafter.

*[signature]*
JAMES B. MORAN
Senior Judge, U. S. District Court

March 19, 2008.